WALLER, Chief Justice,
Dissenting:
¶ 20. I agree with Presiding Justice Dickinson that the conduct at issue in this case does not warrant striking the defendant’s pleading — the “death penalty” of discovery sanctions. Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1391 (Miss.1997). I write separately to note that, other than cases where a party violates a court order, this Court has previously upheld the use of striking pleadings as a discovery sanction only where the conduct at issue was knowingly false or misleading. Id. (plaintiff knowingly lied on several occasions during discovery); Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 997 (Miss.1999) (plaintiff knowingly provided false answers to interrogatories and during deposition); Allen v. Nat’l R.R. Passenger Corp., 934 So.2d 1006, 1012 (Miss.2006) (same). It is undisputed that the City’s failure to produce the manual was not *611 knowing or intentional. As such, I would hold that the trial court abused its discretion by striking the City’s answer. Accordingly, I respectfully dissent.
DICKINSON, P.J., joins this Opinion.