COLEMAN, Justice,-
dissenting:
¶ 15. I am of the opinion that the standard of review carries the instant case. Abuse of discretion is the most deferential standard. Under it, when the trial judge employs the correct legal standard, it is not our job, as the appellate court, to substitute our judgment in place of that of the trial judge’s. See Ashmore v. Mississippi Auth. on Educ. Television, 148 So.3d 977, 982 (¶ 11) (Miss.2014). Given that Kinzie engaged in a flagrant discovery violation, I would uphold the trial judge’s dismissal of the case as a sanction for the discovery violation. Accordingly, I respectfully dissent.
¶ 16. In reaching its holding, the majority places great weight on Wood ex rel. Wood v. Biloxi Public School District, 757 So.2d 190, 193 (¶ 11) (Miss.2000). I think Wood is cleárly distinguishable. Wood stated in a response to an interrogatory that, with his injuries, he was “no longer ... able to enjoy tinkering with automobiles as the stooping, bending, and squatting are painful.” Wood, 757 So.2d at 193 (¶ 11) (emphasis added). The defense then presented video surveillance of Wood doing activities involving stooping, bending, and squatting. Id. at 193-94 (¶ 11). The Court considered that Wood had qualified his statement in his deposition, stating that he was able to do the activities, but performance of the activities was painful — or not as enjoyable. Id. at 194 (¶ 13). The Court concluded that there was more than one reasonable interpretation to Wood’s statement, and it was not “clearly established that Wood knowingly made false statements in discovery.” Id. at 194 (¶ 14). The Wood Court further noted that the defendant “would have a much stronger case if Wood had asserted during his deposition that he was in fact unable to perform his work functions as before.” Id. at 194 (¶ 16) (emphasis added).
¶ 17. Turning to the instant case, Kin-zie stated in his interrogatory that he has the following limitations:
[NJot able to cut grass or take care of lawn, unable to perform house cleaning, not able to drive but for very short periods of time, unable to stand or walk for long period[s] of time, cannot lift or carry objects or even groceries, difficulty engaging in usual sexual activities, unable to play and hold grandchildren, and other activities as before incident.
(Emphasis added.) The majority alludes that “as before incident” is a qualifier, meaning that Kinzie was unable to perform the listed activities as well as he was able to perform them before the incident. The majority then relates Wood’s qualifier — that he no longer enjoyed the activities — to Kinzie’s alleged qualifier in the instant case. However, I, like the trial judge, read “as before incident” to mean that Kinzie could not perform activities that he could perform before the accident. In other words, Kinzie did not list all of the things he is not able to do that he could do before the accident. My reading *981 of Kinzie’s interrogatory statement fits perfectly with what the Wood Court opined would make a stronger case. It stated that the defendant “would have a much stronger case if Wood had asserted during his deposition that he was in fact unable to perform his work functions as before.” Id. at 194 (¶ 16) (emphasis added). Thus, Kinzie is distinguishable from Wood, and Wood provides support for my argument.
¶ 18. The majority states: “Kinzie indisputably was injured. He went to an emergency room immediately after his accident and, at that time, was diagnosed with central-disc protrusion, disc desiccation, and disc bulging. He underwent an invasive surgical procedure on his spine.” To be clear, my dissent does not question that Kinzie was injured, and the issue is not whether he violated his doctor’s orders. The issue is whether the trial judge abused his discretion when dismissing Kin-zie’s claims for lying in his discovery responses.
¶ 19. Kinzie stated he was: “not able to cut grass or take care of lawn, unable to perform house cleaning, not able to drive but for very short periods of time, unable to stand or walk for long period[s] of time, cannot lift or carry objects or even groceries.... ” Kinzie also stated in his deposition that, when he is outside the house, he has his cane with him. In the videos obtained by Staffmark Investment, Kinzie was working on a building in the rear of Kinzie’s home; he was climbing a ladder, carrying wood, performing carpentry tasks, and not using his cane. Simply put, Kinzie engaged in activities he stated he was not able to do. Thus, I do not agree with the majority’s characterization of Kin-zie’s statements as merely misleading.
¶ 20. The Court has recently summed up the abuse of discretion standard of review:
In short, if the trial court applies the “correct legal standard,” we must affirm the decision, regardless of what any one of us individually might have ruled had we been the judge, unless there is a “definite and firm conviction that the court below committed clear error.” See City of Jackson v. Rhaly, 95 So.3d 602, 607 (Miss.2012) (citations omitted). Although reasonable minds might differ as to the disposition, there is no support in the record that the trial court failed to apply the correct legal standard' in the case sub judice, for indeed, the trial judge cited our decisions in Pierce and Scoggins as authority, dispelling any notion of applying an incorrect standard. The trial judge relied upon the. standard as announced by this Court. Abuse of discretion is the most deferential standard of review appellate courts employ. See Fitch v. Valentine, 959 So.2d 1012, 1022 (Miss.2007) (“this Court applies the deferential abuse of discretion standard of review”); -see also White v. Thompson, 822 So.2d 1125, 1128 (Miss.Ct.App. 2002) (abuse of discretion “is highly deferential”).
Ashmore v. Mississippi Auth. on Educ. Television, 148 So.3d 977, 982 (¶ 11) (Miss. 2014). While I — or any other member of the Court — may not have chosen the same sanction had I sat as the trial judge, I cannot agree that the lower court’s dismissal of the case rises to the level of abuse of discretion.
¶ 21. When a discovery violation has occurred, the Court has held that dismissal is appropriate where “any other sanction beside dismissal would virtually allow the plaintiff to get away with lying under oath without a meaningful penalty.” Pierce, 688 So.2d at 1391. The Pierce standard gives the trial judge discretion on whether dismissal is an appropriate sanction. While the Court has held that consider *982 ation of lesser sentences is necessary in American Telephone & Telegraph Co. v. Days Inn of Winona, 720 So.2d 178, 182 (Miss.1998), Days Inn dealt with the issue of failure to prosecute, which is an issue that is mainly attributable to an attorney. Cf. Pierce, 688 So.2d at 1388 (“Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client....”). Thus, Days Inn is distinguishable from the instant case. Further, the Pierce standard considers whether the discovery violation was due to an attorney, and in the instant case, it was not.
¶ 22. The trial judge weighed the Pierce factors, distinguished the ease sub judice from Wood, stated two specific examples of Kinzie misrepresenting his condition, and found that “any sanction other than ... dismissal ... would result in this [cjourt’s condoning the plaintiffs conduct.” See Ashmore, 148 So.3d at 982 (¶ 11); see also Allen v. Nat’l R.R. Passenger Corp., 934 So.2d 1006, 1013 (Miss.2006) (holding that there was no “definite and firm conviction” that the trial court had committed clear error when it weighed each Pierce factor, and the record did not contain evidence of a clear error). In short, the trial judge applied the correct legal standard, determined the plaintiff had engaged in two separate discovery violations, and concluded that dismissal was the only appropriate remedy.
¶ 23. Accordingly, I do not hold a definite and firm conviction that trial judge abused his discretion in dismissing the case. I would affirm the judgment of the trial court.
RANDOLPH, P.J., CHANDLER AND PIERCE, JJ., JOIN THIS OPINION.