# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00973-COA

| | |
|---|---|
| AGNES LOCKHART AND CHARLES LOCKHART | APPELLANTS |

v.

| | |
|---|---|
| STIRLING PROPERTIES, INC. AND MALONE ROOFING SERVICES, LLC | APPELLEES |

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/2013 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | MICHAEL M. WILLIAMS |
| ATTORNEYS FOR APPELLEES: | MELTON JAMES WEEMS |
| | WALTER WILLIAM DUKES |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED MOTION TO DISMISS IN FAVOR OF APPELLEES |
| DISPOSITION: | AFFIRMED: 03/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. In this case, we must determine whether the trial court abused its discretion in dismissing Appellants' suit due to discovery violations. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Agnes Lockhart was injured when she slipped and fell in a puddle of water on August 25, 2008, at a Trustmark National Bank branch, her place of employment. Lockhart and her husband, Charles Lockhart, filed a negligence action in the Hinds County Circuit Court against Stirling Properties Inc. and Malone Roofing Services LLC. Stirling owned and

managed the building that housed the bank, and Malone had recently repaired the building's roof.

¶3.    Lockhart filed her suit on August 23, 2011.    Malone filed its request for interrogatories and production of documents on November 15, 2011. Stirling filed its request for interrogatories and production of documents on May 4, 2012.  Lockhart requested an extension until January 13, 2012, in order to respond to the discovery requests.  Malone agreed to the extension.  The record contains a letter sent to Lockhart's attorney, Michael M. Williams, on March 19, 2012, stating Malone had not received any responses to its discovery requests and asking Williams to file the responses within fourteen days to avoid the filing of a motion to compel.  Malone did not receive any response to its discovery requests and filed a motion to compel on April 5, 2012.  Lockhart did not respond to this motion.

¶4.    Stirling also sent Williams a letter stating it had not received any responses to its discovery requests and asked him to file the responses within fourteen days.  Receiving no response, Stirling filed a motion to compel on July 27, 2012.  Lockhart did not respond to this motion.  A hearing on both Malone's and Stirling's motions to compel was scheduled for October, 23, 2012, but the trial court agreed to hear the matter on September 7, 2012.

¶5.    On September 5 and 6, right before the hearing, Lockhart emailed her answers to interrogatories and responses to the request for production of documents to Malone.  At this point, Malone discovered certain deficiencies in Lockhart's answers.  During the hearing on the motions to compel, the trial court ordered the parties to meet and work out the problems with Lockhart's answers.  The trial court stressed to Lockhart the need to be forthcoming in her answers.  Another hearing was scheduled for September 21, 2012, in order to address any

2

remaining issues. The record contains an email from Malone's trial counsel to the trial court indicating the parties had "worked out the major issues," and Lockhart had agreed to supplement the answers and responses by September 28, 2012. As a result, Malone asked the hearing scheduled for September 21, 2012, to be removed from the docket.

¶6. On October 9, 2012, Malone received a supplementation to Lockhart's interrogatory answers. This supplementation included four pages of medical records, which included a work-status report from Baptist Health Systems on the date of her accident, a treatment code sheet from Baptist Medical Clinic on the date of her accident, a prescription note from Dr. Massie Headley on the date of her accident, and another work-status report from Baptist Health Systems dated approximately two weeks after the accident. However, Malone filed a motion to dismiss, or in the alternative, for sanctions, on October 12, 2012, and an amended motion on October 15, 2012, stating that these answers were deficient and that the answers failed to include information that Lockhart had previously agreed to provide.

¶7. Included in Lockhart's supplementation was her signed medical authorization, which allowed Malone to obtain her medical records. Malone determined that Lockhart had failed to disclose a number of preexisting injuries similar to those she received when she fell at Trustmark. Malone filed a supplementation to its motion to dismiss.

¶8. Lockhart had provided supplementation to Stirling's discovery responses on September 19, 2012. Upon learning of Lockhart's preexisting injuries, Stirling joined Malone's supplementation of its motion to dismiss.

¶9. After a hearing, the trial court granted the motion to dismiss in favor of Malone and Stirling. Lockhart now appeals, asserting the trial court erred in granting the motion to

3

dismiss.

## DISCUSSION

¶10. Mississippi Rule of Civil Procedure 37(b)(2)(C) allows for the trial court, in appropriate circumstances, to impose sanctions by "dismissing the action or proceeding or any part thereof . . . ." We review such dismissals under an abuse-of-discretion standard. *Scoggins v. Ellzey Beverages Inc.*, 743 So. 2d 990, 996 (¶27) (Miss. 1999). In *Pierce v. Heritage Properties Inc.*, 688 So. 2d 1385, 1389 (Miss. 1997), the Mississippi Supreme Court applied the following considerations for determining whether a trial court abused its discretion under Rule 37 by dismissing with prejudice:

> First, dismissal is authorized only when the failure to comply with the court's order results from wil[l]fulness or bad faith, and not from the inability to comply. Dismissal is proper only in situation[s] where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

(Quoting *Batson v. Neal Spelce Assocs. Inc.*, 765 F.2d 511, 514 (5th Cir. 1985)).

¶11. The trial court dismissed Lockhart's case for several reasons, all relating to her failure to answer the interrogatories timely and truthfully. First, Lockhart was asked both by Malone and Stirling to identify any doctors who treated her after her accident. She failed to disclose that she had been treated by Dr. Massie Headley at Baptist Medical Clinic, Northtown branch, prior to her fall, on the date of her fall, and for several weeks after her fall. Second, Malone requested information regarding any medical problems Lockhart suffered prior to her accident. Lockhart stated she suffered from high cholesterol and had

4

been prescribed Crestor. In one response to Stirling's interrogatories, Lockhart stated she had not received "any treatment or visited any medical providers for any shoulder problems or any condition that is involved with this incident" in the ten years preceding the accident. Lockhart failed to disclose that she had suffered "bilateral shoulder and bicep pain" as recently as May 29, 2008, a few months prior to her accident. Medical records indicate Lockhart went back to the doctor on June 5, 2008, with severe pain in her shoulders, but stated the pain in her right shoulder and arm was worse than the pain she was experiencing in her left shoulder and arm. Medical records from the day of her accident indicated she hurt her left shoulder and left hip. Third, Malone asked for a list of medications Lockhart had been taking within twenty-four hours of the accident. Lockhart stated the only medication she had been taking at the time of her accident was Crestor. However, Lockhart failed to disclose that at the time of the accident, she had been taking Lexapro for anxiety. Fourth, Lockhart failed to disclose in her supplementation to interrogatories that she had been suffering from anxiety and had been prescribed medication to treat this condition since at least 2004.

¶12.    In her complaint, Lockhart claimed to have suffered "serious and permanent injuries" and "mental and emotional distress" from the accident. But Lockhart contends that she never considered that her preexisting shoulder problems and anxiety were similar to the injury and resulting mental distress she suffered from the accident; thus, her actions during discovery were not intentional and willful. However, because Lockhart was not forthcoming about her prior medical history, Malone and Stirling had to independently request the majority of Lockhart's medical records, in which they first discovered Dr. Headley's treatment, and her

5

history of bilateral shoulder pain and anxiety. We note that Malone had asked Lockhart to submit a medical authorization permitting Malone and Stirling to obtain her medical records. Lockhart only submitted her medical authorization to allow Malone and Stirling to obtain her medical records after Malone filed its amended motion to dismiss on October 15, 2012. Malone had requested this authorization in its request for production of documents filed on November 15, 2011.

¶13. Caselaw indicates that the failure to disclose similar injuries, preexisting conditions, prior treatment, and medications can be grounds for dismissal. For example, in *Scoggins*, the Mississippi Supreme Court affirmed the trial court's sanction of dismissal of the plaintiff's personal-injury case where she stated in her interrogatories and deposition that she had never been treated for injuries to the same areas injured in the accident prior to the accident at issue. *Scoggins*, 743 So. 2d at 991 (¶6). However, the plaintiff's medical records revealed that she had been treated for pain or numbness in the same areas injured in the accident thirty-five times, diagnosed with widespread arthritis, and undergone a major medical procedure on her back. *Id*. at 992 (¶8). In *Allen v. National Railroad Passenger Corp.*, 934 So. 2d 1006, 1010 (¶11) (Miss. 2006), the Mississippi Supreme Court affirmed the trial court's sanction of dismissal of the plaintiff's case because he repeatedly failed to disclose a prior back injury. The trial court found the plaintiff's claim that he forgot about the back injury – an injury in the same location as the one the plaintiff filed suit seeking compensation for – to be less than credible. *Id*. at 1012 (¶16).

¶14. Lockhart argues her situation is similar to that in *Wood v. Biloxi Public School District*, 757 So. 2d 190 (Miss. 2000). In *Wood*, the trial court granted the defendant's

6

motion to dismiss, finding that the plaintiff had made a false statement in one interrogatory. *Id.* at 191 (¶¶6-7). The Mississippi Supreme Court reversed, finding that the interrogatory in question was ambiguously worded and subject to differing interpretations. *Id.* at 194 (¶¶14, 16). The court was further concerned that there was no proof the plaintiff knowingly made false statements. *Id.* at (¶14).

¶15. We find *Wood* distinguishable from this case. As previously stated, there is a clear record of repeated misrepresentations and nondisclosures in Lockhart's responses to both Malone and Stirling's interrogatories and requests for production of documents, including the supplementation to those requests. Lockhart was dilatory in responding to these requests and failed to be forthcoming when she was compelled to answer. We find no abuse of discretion by the trial court in granting the motion to dismiss in favor of Malone and Stirling.

¶16. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND JAMES, J. MAXWELL, J., NOT PARTICIPATING.**

**IRVING, P.J., DISSENTING:**

¶17. Because I disagree with both the circuit court and the majority that dismissal of Agnes and Charles's complaint was the appropriate sanction for the discovery violation committed, I dissent. I would reverse and remand for a less drastic sanction.

¶18. The majority properly quotes the applicable law but, in my opinion, fails to apply it in its review of the judgment of the circuit court. As stated by the majority,

dismissal is authorized only when the failure to comply with the court's order

results from willfulness or bad faith, and not from the inability to comply. Dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

Maj. Op. at (¶10).

¶19. It should first be noted that Agnes brought her action against Stirling and Malone as third parties to her workers' compensation claim. When Agnes sued Stirling and Malone, her injuries had been established, and the doctors who had treated her for those injuries had been identified in the medical records submitted in her workers' compensation case. Also, all medications that Agnes was taking at the time that she fell were identified in her workers' compensation medical records.

¶20. During discovery, Stirling and Malone submitted interrogatories to Agnes seeking the identity of all doctors who had treated her and the names of all medications that she was taking at the time of her fall. Additionally, they asked her to identify and describe in detail any and all physical and medical problems or conditions of any nature which she had prior to the incident in question. Agnes failed to disclose a medication[1] that she was taking at the time of her fall and the identity of a doctor[2] who had treated her for the work-related injury. Stirling and Malone had Agnes's workers' compensation medical records and had had them for a long time prior to seeking a dismissal of her lawsuit against them. The workers'

---

[1] The drug was identified as Lexapro.

[2] The doctor was identified as Massie H. Headley.

8

compensation records contained all of the information that Stirling and Malone had sought during discovery. Notwithstanding this fact, the circuit court dismissed Agnes's lawsuit because she failed to disclose, during discovery, the identity of all doctors and medical records that were contained or identified in her workers' compensation file.

¶21. I should also point out that not one time did Stirling and Malone allege that their preparation for trial had been prejudiced. Indeed, they could not because they already had the information that they were seeking from Agnes. That is not to say, however, that Agnes did not have an obligation to disclose it in her answers to their interrogatories. She did, but Stirling and Malone suffered no prejudice from her failure to disclose.

¶22. In dismissing Agnes's lawsuit, the circuit court stated that "the substance of [the dismissal] order focuses not on mere failure to answer discovery resulting in an order and then disobeyance [sic] of that order but rather on [the] plaintiff's deliberate attempts to hide information by willfully being untruthful." The circuit court's order also stated that "[the] plaintiff has willfully failed to disclose matters pertinent to this suit, and thus [the court] finds this case should be dismissed." A perusal of the circuit court's order does not indicate any matters other than the failure to disclose the doctor and medication that I have already mentioned.

¶23. In opposition to Stirling's and Malone's motions for summary judgment, Agnes submitted an affidavit, apparently explaining her reasons for not disclosing information regarding the pain that she had suffered in her shoulders:

> In 2008, prior to the fall which is the subject of the complaint, I was treated for pain and inflammation in my shoulders. At the time, I was taking Crestor, a cholesterol lowering medication.

> Once I stopped taking Crestor, the pain and inflammation in my shoulders ceased. Earlier, I had a similar problem while taking Lipitor, another cholesterol lowering medication. At the time I signed the interrogatory responses, I did not recall the shoulder pain or treatment.
>
> Prior to my fall, I had never received any traumatic injury to my shoulders that necessitated medical treatment.

Also, it is particularly noteworthy that during the discovery process, Agnes had signed and tendered a medical release to Stirling and Malone, enabling them to obtain any medical records that they wished to have, which is how they were able to detect the omission of information in the records that she provided to them during discovery.

¶24. Because our law is so well settled that a circuit court has the authority and discretion to dismiss a plaintiff's lawsuit for willful deception and withholding vital and relevant medical information, I forgo a discussion of the authorities so holding. However, on the facts of this case, I believe the circuit court abused its discretion in deciding that the appropriate sanction was dismissal. Further, I find that Agnes's tendering of the medical release to Stirling and Malone precludes a finding that her actions—in failing to disclose the identity of a doctor who had treated her, the name of a medication that she was taking at the time of her fall, and prior medications and problems that she had suffered—were willful. As stated, using the medical release provided to them by Agnes, Stirling and Malone obtained the information that they claim Agnes willfully refused to provide in discovery.

¶25. As stated, I believe that the circuit court abused its discretion in dismissing Agnes's lawsuit for two reasons. First, the evidence does not support a finding that Agnes was dishonest in her responses to Stirling's and Malone's interrogatories. The alleged dishonesty

10

was the failure of Agnes to disclose information regarding a "history of shoulder problems" prior to her August 25, 2008 fall. As shown by her affidavit, she had no such problems, although she had had some pain and inflamation in her shoulders while taking cholesterol-lowering drugs. Clearly, it is reasonable for her to have viewed the pain and inflamation that she suffered in her shoulders as a side effect of the medication and not as a medical condition, because the pain and inflamation ceased when she ceased taking the medication. It is also reasonable that she may have been confused about Stirling's and Malone's use of the phrase "physical and medical problems and conditions" since in the same interrogatory, they sought information regarding "the nature of such treatment for the medical problems or conditions." Apparently, Agnes was never treated for the pain and inflamation in her shoulders. Therefore, it is a plausible explanation that Agnes answered truthfully based upon her interpretation of the interrogatory. The Mississippi Supreme Court has held that "where the discovery violation at issue is less extreme and open to potential truthful interpretations, [it] will not hesitate to reverse a trial court's Rule 37 dismissal." *Kinzie v. Belk Dep't Stores L.P.,* 2012-CT-01176-SCT (¶9)((Miss. Mar. 12, 2015). In any event, her failure to disclose the information regarding the pain and inflamation in her shoulders was nothing more than simple negligence.

¶26. Second, Stirling and Malone do not claim a prejudicial effect on their trial preparation. Indeed, even if such a claim were made, the evidence would not support it, because, as stated, they had timely access to all of the information that they claim Agnes willfully refused to tender during discovery. I readily admit that Agnes had a duty to disclose the information, but dismissals should not be based on technical violations of discovery that cause no serious

11

prejudice, as the Mississippi Supreme Court "has made it clear that a 'trial court should dismiss a cause of action for failure to comply with discovery only under the most *extreme circumstances*.'" *Id.* At (¶5)(emphasis in original) (quoting *Pierce v. Heritage Props. Inc.* 688 So. 2d 1385, 1388 (Miss. 1997)). Surely, the facts here do not constitute extreme circumstances. Awarding a monetary sanction to Stirling and Malone for having to obtain the information from Agnes's workers' compensation file would have been more than sufficient. Further, I cannot imagine that Stirling and Malone would not have subpoenaed Agnes's workers' compensation file even if the information had been disclosed by Agnes. Failing to to do so would not have been good lawyering. Therefore, for the reasons presented, I dissent.

**GRIFFIS, P.J., AND JAMES, J., JOIN THIS OPINION.**