LEE, C.J.,
for the Court:
¶ 1. In this case, we must determine whether the trial court abused its discretion in dismissing Appellants’ suit due to discovery violations. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Agnes Lockhart was injured when she slipped and fell in a puddle of water on August 25, 2008, at a Trustmark National Bank branch, her place of employment. Lockhart and her husband, Charles Lock-hart, filed a negligence action in the Hinds County Circuit Court against Stirling Properties Inc. and Malone Roofing Services LLC. Stirling owned and managed the building that housed the bank, and Malone had recently repaired the building’s roof.
¶3. Lockhart filed her suit on August 23, 2011. Malone filed its request for interrogatories and production of documents on November 15, 2011. Stirling filed its request for interrogatories and production of documents on May 4, 2012. Lockhart requested an extension until January 13, 2012, in order to respond to the discovery requests. Malone agreed to the extension. The record contains a letter sent to Lock-hart’s attorney, Michael M. Williams, on March 19, 2012, stating Malone had not received any responses to its discovery requests and asking Williams to file the responses within fourteen days to avoid the filing of a motion to compel. Malone did not receive any response to its discovery requests and filed a motion to compel on April 5, 2012. Lockhart did not respond to this motion.
¶ 4. Stirling also sent Williams a letter stating it had not received any responses to its discovery requests and asked him to file the responses within fourteen days. Receiving no response, Stirling filed a motion to compel on July 27, 2012. Lockhart did not respond to this motion. A hearing on both Malone’s and Stirling’s motions to compel was scheduled for October, 23, 2012, but the trial court agreed to hear the matter on September 7, 2012.
¶ 5. On September 5 and 6, right before the hearing, Lockhart emailed her answers to interrogatories and responses to the request for production of documents to Malone. At this point, Malone discovered certain deficiencies in Lockhart’s answers. During the hearing on the motions to compel, the trial court ordered the parties to meet and work out the problems with Lockhart’s answers. The trial court stressed to Lockhart the need to be forthcoming in her answers. Another hearing was scheduled for September 21, 2012, in order to address any remaining issues. The record contains an email from Malone’s trial counsel to the trial court indicating the parties had “worked out the major issues,” and Lockhart had agreed to supplement the answers and responses by *1237 September 28, 2012. As a result, Malone asked the hearing scheduled for September 21, 2012, to be removed from the docket.
¶ 6. On October 9, 2012, Malone received a supplementation to Lockhart’s interrogatory answers. This supplementation included four pages of medical records, which included a work-status report from Baptist Health Systems on the date of her accident, a treatment code sheet from Baptist Medical Clinic on the date of her accident, a prescription note from Dr. Massie Headley on the date of her accident, and another work-status report from Baptist Health Systems dated approximately two weeks after the accident. However, Malone filed a motion to dismiss', or in the alternative, for sanctions, on October 12, 2012, and an amended motion on October 15, 2012, stating that these answers were deficient and that the answers failed to include information that Lockhart had previously agreed to provide.
¶ 7. Included in Lockhart’s supplementation was her signed medical authorization, which allowed Malone to obtain her medical records. Malone determined that Lockhart had failed to disclose a number of preexisting injuries similar to those she received when she fell at Trustmark. Malone filed a supplementation to its motion to dismiss.
¶ 8. Lockhart had provided supplementation to Stirling’s discovery responses on September 19, 2012. Upon learning of Lockhart’s preexisting injuries, Stirling joined Malone’s supplementation of its motion to dismiss.
¶ 9. After a hearing, the trial court granted the motion to dismiss in favor of Malone and Stirling. Lockhart now appeals, asserting the trial court erred in granting the motion to dismiss.
DISCUSSION
¶ 10. Mississippi Rule of Civil Procedure 37(b)(2)(C) allows for the trial court, in appropriate circumstances, to impose sanctions by “dismissing the action or proceeding or any part thereof....” We review such dismissals under an abuse-of-discretion standard. Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 996 (¶ 27) (Miss.1999). In Pierce v. Heritage Properties, Inc., 688 So.2d 1385, 1389 (Miss.1997), the Mississippi Supreme Court applied the following considerations for determining whether a trial court abused its discretion under Rule 37 by dismissing with prejudice:
First, dismissal is authorized only when the failure to comply with the court’s order results from wil[l]fulness or bad faith, and not from the inability to comply. Dismissal is proper only in situation[s] where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party’s preparation for trial was substantially prejudiced. Finally, dismissal. may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party’s simple negligence is grounded in confusion- or sincere misunderstanding of the court’s orders.
(Quoting Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 514 (5th Cir.1985)).
¶ 11. The trial court dismissed Lockhart’s case for several reasons, all relating to her -failure to answer the interrogatories timely and truthfully. First, Lockhart was asked both by Malone and Stirling to identify any doctors who treated her after her accident. She failed to disclose that she had been treated by Dr. Massie Headley at Baptist Medical Clinic, Northtown branch, prior to her fall, on the date of her fall, and for several weeks after *1238 her fall. Second, Malone requested information regarding any medical problems Lockhart suffered prior to her accident. Lockhart stated she suffered from high cholesterol and had been prescribed Cre-stor. In one response to Stirling’s interrogatories, Lockhart stated she had not received “any treatment or visited any medical providers for any shoulder problems or any condition that is involved with this incident” in the ten years preceding the accident. Lockhart failed to disclose that she had suffered “bilateral shoulder and bicep pain” as recently as May 29, 2008, a few months prior to her accident. Medical records indicate Lockhart went back to the doctor on June 5, 2008, with severe pain in her shoulders, but stated the pain in her right shoulder and arm was worse than the pain she was experiencing in her left shoulder and arm. Medical records from the day of her accident indicated she hurt her left shoulder and left hip. Third, Malone asked for a list of medications Lockhart had been taking within twenty-four hours of the accident. Lockhart stated the only medication she had been taking at the time of her accident was Crestor. However, Lockhart failed to disclose that at the time of the accident, she had been taking Lexapro for anxiety. Fourth, Lockhart failed to disclose in her supplementation to interrogatories that she had been suffering from anxiety and had been prescribed medication to treat this condition since at least 2004.
¶ 12. In her complaint, Lockhart claimed to have suffered “serious and permanent injuries” and “mental and emotional distress” from the accident. But Lock-hart contends that she never considered that her preexisting shoulder problems and anxiety were similar to the injury and resulting mental distress she suffered from the accident; thus, her actions during discovery were not intentional and willful. However, because Lockhart was not forthcoming about her prior medical history, Malone and Stirling had to independently request the majority of Lockhart’s medical records, in which they first discovered Dr. Headley’s treatment, and her history of bilateral shoulder pain and anxiety. We note that Malone had asked Lockhart to submit a medical authorization permitting Malone and Stirling to obtain her medical records. Lockhart only submitted her medical authorization to allow Malone and Stirling to obtain her medical records after Malone filed its amended motion to dismiss on October 15, 2012. Malone had requested this authorization in its request for production of documents filed on November 15, 2011.
¶ 13. Caselaw indicates that the failure to disclose similar injuries, preexisting conditions, prior treatment, and medications can be grounds for dismissal. For example, in Scoggins, the Mississippi Supreme Court affirmed the trial court’s sanction of dismissal of the plaintiffs personal-injury case where she stated in her interrogatories and deposition that she had never been treated for injuries to the same areas injured in the accident prior to the accident at issue. Scoggins, 743 So.2d at 991 (¶ 6). However, the plaintiffs medical records revealed that she had been treated for pain or numbness in the same areas injured in the accident thirty-five times, diagnosed with widespread arthritis, and undergone a major medical procedure on her back. Id. at 992 (¶ 8). In Allen v. National Railroad Passenger Corp., 934 So.2d 1006, 1010 (¶11) (Miss.2006), the Mississippi Supreme Court affirmed the trial court’s sanction of dismissal of the plaintiffs case because he repeatedly failed to disclose a prior back injury. The trial court found the plaintiffs claim that he forgot about the back injury — an injury in the same location as the one the plaintiff *1239 filed suit seeking compensation for — to be less than credible. Id. at 1012 (¶ 16).
¶ 14. Lockhart argues her situation is similar to that in Wood v. Biloxi Public School District, 757 So.2d 190- (Miss.2000). In Wood, the trial court granted the defendant’s motion to dismiss, finding that the plaintiff had made a false statement in one interrogatory. Id. at 191 (¶¶ 6-7). The Mississippi Supreme Court reversed, finding that the interrogatory in question was ambiguously worded and subject to differing interpretations. Id. at 194 (¶¶ 14, 16). The court was further concerned that there was no proof the plaintiff knowingly made false statements. Id. at (¶ 14).
¶ 15. We find Wood distinguishable from this ease. As previously stated, there is a clear record of repeated misrepresentations and nondisclosures in Lock-hart’s responses to both Malone and Stirling’s interrogatories and requests for production of documents, including the supplementation to those requests. Lock-hart was dilatory in responding to these requests and failed to be forthcoming when she was compelled to answer. We find no abuse of discretion by the trial court in granting the motion to dismiss in favor of Malone and Stirling.
¶ 16. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND JAMES, J. MAXWELL, J„ NOT PARTICIPATING.