Lamar WILLIAMS, Jr., et al.,
Plaintiffs-Appellees,

v.

NEW ORLEANS PUBLIC SERVICE, INC., Defendant-Appellant.

No. 83–2435
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 2, 1984.

John R. Pearson, Kathy A. Morrow, Houston, Tex., for defendant-appellant.

James Boanerges, Houston, Tex., for plaintiffs-appellees.

Before BROWN, TATE and HIGGIN-BOTHAM, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

New Orleans Public Service, Inc. (NOP-SI), the defendant in this diversity-based personal injury suit, in addition to at least seven other instances of inexcusable neglect or indifference, failed to appear on the date set for trial. A default judgment for the full amount of the claim was subsequently entered. The 30-day appeal period expired. Pursuant to F.R.Civ.P. 60(b), NOPSI then moved to have the default judgment set aside, or alternatively to set aside the judgment for a hearing on damages. The District Court denied both motions. In this appeal, NOPSI challenges only the refusal to set aside the judgment for a hearing on damages, not the entry of default. Finding

that NOPSI's failure to timely appeal the entry of the default judgment precludes appellate relief at this juncture, we affirm.[1]

## Statement of the Case

Plaintiffs Lamar Williams, Ruben Jackson, and Shirley Jackson filed a personal injury suit in the District Court on January 24, 1980, alleging that they had been injured in an automobile collision proximately caused by the negligence of NOPSI's driver.[2] When notified by mail on February 23, 1982 that docket call had been set for May 3, the parties were also informed that trial would take place in May or June; that counsel would be subject to being called on short notice during those months; and that the parties would be required to submit trial materials[3] prior to April 28, 1982. When docket call subsequently was rescheduled for April 26, 1982, the parties again were notified in writing.

1. We emphasize at the outset that we find ourselves restricted in this appeal to a review of the trial court's denial of NOPSI's Rule 60(b) motion to set aside the default judgment. Due to NOPSI's failure to challenge the default judgment via direct appeal, the merits of that action are before us only insofar as they concern the propriety of the denial of the Rule 60(b) motion.

2. NOPSI did not file an answer until July 22, 1981, over a year and a half later. Between the time the complaint was filed and the time NOPSI answered, the only evidence that NOPSI was attentive to the pendency of the case was its attempt to file an Exception of Venue on June 16, 1980. Even that response indicated NOPSI's early disregard for the matter, as the Exception was returned to NOPSI because it failed to comply with Local Rules.

3. Under F.R.Civ.P. 16 and Local Rule 6, the District Court is granted power to formulate pretrial procedures and enter a "scheduling order" or "docket control order," which may require the filing of a joint pretrial order. In this case, in addition to ordering that a joint pretrial order be filed on April 18, the District Court's docket control order specified:

IN ADDITION each party will submit with the pretrial order two (2) copies of the following in *JURY CASES:* (a) proposed jury charge; (b) proposed voir dire; and (c) memorandum of law. In NON–JURY CASES: (a) proposed findings of fact and conclusions of law; and (b) memorandum of law.

■ Floyd Greene, attorney of record and in-house counsel for NOPSI, failed to appear at docket call on April 26. The Court noted his absence and declared NOPSI ready for trial.[4] The parties were notified by telephone on Wednesday, June 16, that the trial date had been set for June 21.[5] As of June 18, Greene had not submitted his trial materials nor had he complied with any other directions of the Court.[6] On that date, Friday, June 18, Greene notified the District Court clerk that due to a conflict in his trial schedule, he would be unable to appear for trial the following Monday, June 21. The clerk informed Greene that the trial would proceed as scheduled.

When Greene failed to appear on June 21, the Court issued an order to show cause why Greene should not be held in contempt, ordered that he appear in Court on June 30 for a contempt hearing, and rescheduled the

4. District Courts are frequently required to exercise their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734, 738 (1962). Declaring parties who choose to be absent from docket call ready for trial is certainly within that power.

5. When Greene, who is not a member of the Texas bar, attempted to file the Exception of Venue, the Court provided him with a prepared Local Rule 1 Motion, which requests leave of court to appear as attorney for a party without designating local counsel, and is routinely provided all non-admitted attorneys desiring to act in the particular case. On August 12, 1980, a second Rule 1 Motion was mailed to Greene. Fully one year later, Greene attempted to file another defective Exception of Venue. In response, the Court sent him a third Rule 1 Motion. The Motion, which must be granted before a non-admitted attorney may appear, was never filed.

6. Greene was notified of the trial date by telephone on June 16, 1982. He was reminded at that time that his trial materials were delinquent, and that he would be required to submit them by Friday, June 18. When no materials were received on June 18, the clerk again telephoned Greene's office, directed him to file his materials, and reminded him that trial would commence the following Monday.

trial for that date. On June 30, Greene again failed to appear. Consequently, the Court struck NOPSI's pleadings and found it guilty of civil contempt. Greene was prohibited from further appearing before the Court without designation of local counsel. That same day, June 30, the Court deferred ruling on the plaintiffs' motion for entry of default and declined to hold an *ex parte* hearing on damages, F.R.Civ.P. 55(b)(2), believing such a hearing would be "meaningless and ... legally defective."[7]

On November 15, 1982, after five months had passed without response from NOPSI, the plaintiffs renewed their motion for default judgment, together with a motion that judgment be entered for the full amount of the claim. Both motions contained certificates of service. Indeed, NOPSI does not contend that it failed to receive notice of either motion. However, no response was filed contesting the motions. On January 11, 1983, the District Court entered default judgment against NOPSI, awarding the full amount of relief requested. No appeal was perfected within the time allowed. On February 22, 1983, NOPSI, having retained local counsel, filed the motion under Rule 60(b) that is at issue here. In denying the motion, the District Court reasoned that the time for appeal on the default judgment had expired, and that Rule 60(b) is not to be used as a substitute for appeal.

### Standard of Review

While we recognize that failure to hold a hearing on damages may have constituted

reversible error had NOPSI timely appealed the entry of the default judgment,[8] we do not reach that issue here. Because we decline to consider the only theory raised in appellant's brief, fairness compels us to consider *sua sponte* the denial of the Rule 60(b) motion despite appellant's failure to so characterize its claim for relief. In our prior review of Rule 60(b) motions, we have firmly established that:

> Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion.... It is not enough that the granting of relief might have been permissible, or even warranted, denial must have been so *unwarranted* as to constitute an abuse of discretion.

*Seven Elves, supra,* 635 F.2d at 402. (emphasis in original) (citation omitted).

We recognize, however, that such a standard does not vest the trial court with completely unfettered discretion. Rather, discretion is to be exercised with an eye to the precept that Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Seven Elves, supra,* 635 F.2d at 401, *quoting Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (emphasis in original). We held in *Seven Elves* that when the grant of a default judgment precludes consideration of the

---

7. The District Court's Order of June 20, 1983 expressly recognizes that a hearing on damages is normally required, but concludes that if its failure to hold a hearing was error, NOPSI's proper remedy was a direct appeal from the default judgment. The District Court states that it failed to hold the hearing for two reasons: first, in view of the Court's previous experiences with Greene, it seemed highly likely that he would fail to appear; and second, if Greene did not appear, the hearing might be erroneous as a matter of law under *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir. 1981). In *Seven Elves* we reversed the District Court's refusal to set aside a default judgment under Rule 60(b) despite the fact that an *ex*

*parte* hearing on damages had been held. However, we resolved that case on the basis of Rule 60(b), never reaching the issue of whether an *ex parte* hearing on damages would have been sufficient under Rule 55(b)(2) and our precedent. *Seven Elves, supra,* 635 F.2d at 403.

8. *See* discussion of *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir.1979), *infra. See also Eisler v. Stritzler,* 535 F.2d 148, 153–54 (1st Cir.1976); *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974); *Bass v. Hoagland,* 172 F.2d 205 (5th Cir.), *cert. denied* 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).

merits of a case, "even a slight abuse [of discretion] may justify reversal." *Id.* at 402.

With these principles in mind we turn to the merits—or perhaps more accurately, the lack of merits—of this case.

### Relief Under Rule 60(b)

Rule 60(b) provides that the District Court may relieve a party from a final judgment, order, or proceeding for any reason that falls within the purview of its six delineated categories.[9] NOPSI urges strongly that the District Court was without discretion to abstain from holding a hearing on damages as a matter of law. While we reiterate that this claim might have merit in the context of an appeal from the original default, it is only relevant to the appeal before us if the Court's action rendered the judgment void or provided another justifiable basis for relief. Before reaching those issues, however, we consider whether the failure to take a timely appeal—or the other acts of neglect—should have been excused in this case.

### Excusable Neglect

 In the District Court, NOPSI argued in support of its motion that it had failed to perfect a timely appeal due to an "oversight" on the part of Greene. NOPSI alleged that Greene, who had been involved in a heavy trial schedule, had "inadvertently" allowed the 30-day appeal period to run. We cannot agree that the repeated instances of deliberate indifference and disregard of the Court's orders and requests displayed

here were the product of "oversight" or "inadvertence." Rather, we are faced here with what the District Court correctly found was "a willful pattern of disregard for the Court's orders and rules . . . not an isolated incident of inadvertence." [10]

NOPSI also argued that because the second page was missing from its copy of the default judgment, it was unaware of the damage award and did not know what the date of judgment was for purposes of filing a timely appeal. We simply cannot find even a "slight" abuse of discretion in the District Court's failure to grant relief on this basis. In the context of Rule 60(b)(6), we recently held that the Rule could not be used to excuse a party's failure to file a timely appeal despite the fact that he had received *no* notice of the entry of judgment against him due to an error in the clerk's docket entry. *Wilson v. Atwood Group,* 702 F.2d 77 (5th Cir.1983) *aff'd,* 725 F.2d 255 (5th Cir.1984) (*en banc*). There, we pointed out that we require " 'some showing of diligent effort by counsel to ascertain the status of the case.' " *Id.,* at 257, *quoting Mizell v. Attorney General of the State of New York,* 586 F.2d 942, 944– 45 n. 2 (2d Cir.1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979). In keeping with this rule, we do not think it unreasonable to require a party who admittedly has received notice that a default has been entered against him to use diligence in determining the date of the judgment, what the missing page or pages revealed, and the amount of the damages, if any. Based on this record, we find no basis for

---

**9.** Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacat-

ed, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

**10.** We find it especially significant, if not decisive, that during the six-month period between the time the Court struck NOPSI's pleadings and the time the plaintiffs renewed their motion for default judgment, NOPSI failed utterly to respond or contact the Court regarding the case. Moreover, NOPSI similarly failed to respond to the renewed motion for default judgment and does not claim it was unaware that such a motion was pending.

any claim that the failure to appeal was excusable.

### Void Judgment

■ NOPSI claims that F.R.Civ.P. 55(b)(2)[11] mandates a hearing on damages prior to the entry of default. We cannot find, however, that for purposes of this appeal, any failure to comply with Rule 55(b)(2) rendered the default judgment "void" within the meaning of Rule 60(b). A judgment "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Wright & Miller, Federal Practice and Procedure § 2862 (1973 ed.); *see also Marshall v. Board of Education,* 575 F.2d 417, 422 (3d Cir.1978).

It is clear that in this case there is no basis for a finding that judgment was issued without jurisdiction or in contravention of due process standards. Thus, NOPSI's reliance upon *Bass v. Hoagland,* 172 F.2d 205 (5th Cir.) *cert. denied,* 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949), is inapposite. In *Bass,* we found that the trial court had erred in entering default judgment for the full amount of the claim where the defendant had no notice of default and no opportunity to present evidence on the amount of damages. *Id.* at 209–10. Although we held there that the defendant had been denied due process,[12] we have recently had occasion to clarify that holding. In *Fehlhaber v. Fehlhaber,* 681 F.2d 1015 (5th Cir.1982) *cert. denied,* —— U.S. ——, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983), we pointed out that our finding in *Bass* that due process had been denied resulted from the *combined* circumstances of that case: the right to a jury trial was denied though demanded; default was entered solely as a result of Bass' attorney's failure to appear for trial; Bass was never provided with any notice of the default (which apparently was entered *sua sponte* by the Court); the Court found notice had been fraudulently withheld by the opposing party for 2½ years after entry of judgment; and finally, no trial or evidence was heard as to the amount of damages. *Bass, supra,* 172 F.2d at 208–09.

We cannot find that the "combined" circumstances of this case approach those we found denied Bass due process. In *Fehlhaber* we expressly recognized that lack of evidence on damages alone does not necessarily constitute a violation of due process. Furthermore, we held that so long as a defendant has the regular avenues of appeal available to him, he is not denied due process. *Fehlhaber, supra,* 681 F.2d at 1028–29.

### "Any Other Reason" for Relief

NOPSI argues that our decision in *United Artists Corp. v. Freeman,* 605 F.2d 854 (5th Cir.1979), compels reversal in this case. It is true that in *United Artists* we held that

---

**11.** F.R.Civ.P. 55(b) provides, in pertinent part:

 (b) Judgment

 Judgment by default may be entered as follows:

 \* \* \* \* \* \*

 (2) *By the court.* In all other cases the party entitled to a judgment by default shall apply to the court.... If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

**12.** *Bass* arose in the context of an application to enforce a default judgment entered in a Kansas District Court. The Texas District Court granted judgment on the pleadings, and an appeal followed. We found that judgment on the pleadings should not have been entered in the Texas proceeding because the due process claim had not been entertained by the Kansas Court. The issue of whether such a claim would be timely was, however, one for disposition by the Kansas Court. *Bass, supra,* 172 F.2d at 208, 210–11.

"a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* at 857. Before reaching the issue of the Court's failure to hold a hearing, however, we had already ordered the default judgment set aside because we found the Rule 60(b) motion had been improperly denied under the facts of that case. *Id.* Unlike NOPSI in this case, the defendant in *United Artists* had appeared in court at least twice. The default judgment was entered solely because he refused to comply with the Court's discovery orders. We reversed because we found that the defendant's refusal to participate in discovery was based on his sincere misconception that he was legally entitled to do so, coupled with the Court's failure to attempt to correct his confusion. "There [was] absolutely no indication that appellant was defiant or obdurate—he was just sincerely trying to preserve his right not to incriminate himself." *Id.* In this case, there is no indication that NOPSI was acting under any similar kind of good faith belief that its actions, or lack thereof, were justified.

We did not, as appellant claims, hold in *United Artists* that failure to conduct a hearing on damages would provide a further, *independent* basis for reversal in a Rule 60(b) case where the defendant, through his own fault, fails to take and prosecute an appeal.

■ Finally, we perceive no other reason which might justify relief under the catch-all provision of Rule 60(b)(6). Clear precedent in this Circuit holds that the catch-all category is not to be used as a substitute for appeal or as a means of extending the time for appeal. *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 696 (5th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983); *United States v. 329.73 Acres of Land,* 695 F.2d 922, 925 (5th Cir. 1983) *remanded on other grounds,* 704 F.2d 800 (5th Cir.1983) (*en banc*); *Alvestad v. Monsanto Co.,* 671 F.2d 908, 912 (5th Cir.), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982). Furthermore, even

if the default judgment was improperly entered without a hearing on damages, we have held that "[t]he mere fact that [a] judgment [is] erroneous does not constitute 'any other reason justifying relief' " from it. *Elgin National Watch Co. v. Barrett,* 213 F.2d 776, 779–80 (5th Cir.1954) (citation omitted).

### Conclusion

We reiterate one last time that F.R.Civ.P. 55(b) and our precedent would have compelled a different conclusion were we considering the failure to hold a hearing on direct appeal. Furthermore, we find no reason to excuse the failure to appeal in light of the pattern of neglect and defiance evidenced by the facts of this case. We perceive no abuse of discretion by the District Court.

AFFIRMED.