**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 17, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30892

RANDY J. COMEAUX

Plaintiff - Appellee

VERSUS

TEX-AIR HELICOPTERS, INC., ET AL

Defendants

TEX-AIR HELICOPTERS, INC.; UNITED STATES AVIATION UNDERWRITERS
INSURANCE CO., on behalf of US Aircraft Insurance Group

Defendants - Appellees

VERSUS

EUROCOPTER S A S; AMERICAN EUROCOPTER CORP.;LA REUNION AERIENNE

Defendants - Appellants

TEX-AIR HELICOPTERS, INC., As manager, on behalf of US Aircraft
Insurance Group; UNITED STATES AVIATION UNDERWRITERS, INC., As
manager, on behalf of US Aircraft Insurance Group

Plaintiffs - Appellees

VERSUS

EUROCOPTER S A S; ET AL

Defendants

EUROCOPTER S A S; AMERICAN EUROCOPTER CORP.; LA REUNION AERIENNE

Defendants - Appellants

Appeal from the United States District Court
For the Western District of Louisiana, Lafayette
00-CV-2681

Before DAVIS, PRADO and PICKERING, Circuit Judges.

PER CURIAM:[*]

We affirm the judgment of the district court because Rule 60(b)(4) F.R.C.P. is not an appropriate vehicle for Eurocopter and AEC to challenge the sanctions order for the following reasons:

1.    Appellants have not demonstrated why the proper vehicle for challenging the sanctions order was not a direct appeal from the final judgment.  While Rule 60(b)(4) may relieve a party who demonstrates one of the six bases for relief under the rule, it may not be used as a substitute for appeal.  See Gary v. Louisiana, 622 F.2d 804(5th Cir. 1980).

2.    Also, appellants's reliance on Rule 60(b)(4) to challenge the district court's sanctions order does not comport with the purpose of the rule.  Rule 60(b)(4) is intended to strike a balance between preserving the finality of a judgment and insuring that justice was done.  See Williams v. New Orleans Public Service, 728 F.2d 730, 733(5th Cir. 1984).  Because appellants elected to submit to the judgment of dismissal by agreeing to a settlement without reserving their right to appeal the sanctions order, application of Rule 60(b) in this instance would result in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unnecessary disruption of the district court's final judgment.  A balancing of the equities in this case falls in favor of preserving the finality of the judgment.

The judgment of the district court is AFFIRMED.

AFFIRMED.