# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2012-CA-01113-COA

TAMMIE J. CROSSLEY, JOHN TEMPLETT, JR. AND XL PUBLIC ADJUSTERS, INC. A MISSISSIPPI CORPORATION

APPELLANTS

v.

CHRISSI D. MOORE, INDIVIDUALLY AND AS SHAREHOLDER OF AND FOR AND ON BEHALF OF XL PUBLIC ADJUSTERS, INC.

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/05/2012 |
| TRIAL JUDGE: | HON. D. NEIL HARRIS SR. |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | OLIVER E. DIAZ JR. |
| | DAVID NEIL MCCARTY |
| | JONATHAN ADAM MILLER |
| ATTORNEY FOR APPELLEE: | H. BENJAMIN MULLEN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED APPELLANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT BUT GRANTED THEIR MOTION TO SET ASIDE JUDGMENT DETERMINING AMOUNT OF DAMAGES; ENTERED NEW DAMAGE AWARD IN THE AMOUNT OF $267,853.67 |
| DISPOSITION: | AFFIRMED - 04/21/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.    This is not a direct appeal of a judgment. Instead, it is an appeal of a Rule 60(b)

motion, which the chancellor denied in part and granted in part.[1]

¶2. The chancellor denied Tammie J. Crossley and John Templet Jr.'s request to set aside a default judgment entered against them. This default judgment resulted from their answer and counterclaim being stricken as a sanction for their prolonged failure to respond to discovery. While Crossley and Templet ask us to review the merits of the chancellor's decision to sanction them by striking their pleadings, procedurally we cannot. Our sole task on an appeal of the denial of a Rule 60(b) motion is to ask whether the denial was an abuse of discretion—not review the merits. And because the record reflects the default judgment was not entered in violation of Crossley and Templet's due-process rights, we find the chancellor did not abuse his discretion when he refused to set the judgment aside.

¶3. The chancellor did, however, grant Crossley and Templet's request to set aside the amount of damages awarded and conduct a new hearing. So we do consider the merits of the new damages award. While Crossley and Templet challenge the amount of the $267,853.67 award as being purely speculative, given our deferential standard of review, we find no reason to reverse. The standard for damages is "reasonable certainty,"[2] not perfection.[3] So even though some of the damages awarded were based on estimates and projected figures,

---

[1] *See* M.R.C.P. 60(b) (authorizing the trial judge to grant relief from a final judgment under certain specified circumstances).

[2] *Woods v. Burns*, 797 So. 2d 331, 334 (¶14) (Miss. Ct. App. 2001).

[3] *Parker Tractor & Implement Co. v. Johnson*, 819 So. 2d 1234, 1239 (¶23) (Miss. 2002).

2

the chancellor found these estimates were reasonable in light of Crossley and Templet's continued failure to give the plaintiff, Chrissi D. Moore, the discovery she had requested to prepare for the damages hearing. Because the chancellor's conclusion was not manifestly wrong, we affirm.

## Background Facts and Procedural History

¶4. Chrissi Moore, Tammie Crossley, and John Templet Jr. were once all business partners in XL Public Adjusters, Inc. But in January 2008, Moore sued Crossley and Templet in the Jackson County Chancery Court. Moore alleged fraud, company theft, withheld compensation, and an attempted "squeeze out" of her, a minority shareholder.

### I. Discovery Sanction

¶5. Moore's attempts to gather discovery were met with repeated delays and requests for more time. Finally, in February 2009, Crossley and Templet's attorney moved to withdraw, citing his clients' refusal to cooperate with discovery and compensate him for his services. The chancellor permitted him to withdraw and gave Crossley and Templet a month to find new counsel and two months to respond to discovery.

¶6. Trial was scheduled to begin less than a month after this latest discovery deadline. But when the time for trial rolled around, Crossley and Templet had not retained counsel nor responded to discovery. Moore asked for a continuance, citing her inability to prepare without discovery responses. Trial was postponed, and Crossley and Templet were given an additional two months to provide the requested information.

¶7.     When they once again failed to meet this deadline, Moore moved for discovery sanctions under Mississippi Rule of Civil Procedure 37.  Following a hearing, at which Crossley and Templet failed to appear, the chancellor exercised his authority under Rule 37 and struck their answer to Moore's complaint, along with their counterclaim.  The chancellor then entered a default judgment and scheduled a hearing to determine the amount of damages to be awarded.

¶8.     Following this hearing—at which Crossley and Templet once again did not appear—the chancellor entered a final judgment awarding Moore $768,073.67 in damages, which included $26,336.03 in attorney's fees and expenses.  Crossley and Templet did not appeal.

### II.     Motion to Set Aside

¶9.     Instead, five months later, Crossley and Templet—represented by new counsel—filed a motion to set aside the chancellor's judgment under Mississippi Rule of Civil Procedure 60(b).

¶10.    In this motion, they argued they were never notified of the hearing on Moore's motion for discovery sanctions.  Nor did they receive notice of the hearing on damages.  After a hearing on their Rule 60(b) motion, the chancellor entered an order confirming the default judgment.  He rejected Crossley and Templet's argument they had not received notice of the

4

sanctions hearing, based on their own admission they had received the notice.[4]

¶11.   But the chancellor did agree they had no notice of the subsequent damages hearing. Because of this, he decided to set aside the award for $768,073.67 and conduct another damages hearing.  The chancellor heard four days worth of testimony from Moore, Crossley, and Templet, scattered throughout the following year.  He then entered a new judgment awarding Moore $267,853.67—$74,277 for lost commissions, $167,240.64 for her 24% share of the company, and $26,336.03 in attorney's fees.

¶12.   Within ten days of this order, Crossley and Templet filed a motion to alter or amend under Mississippi Rule of Civil Procedure 59, tolling the time to appeal.  When that motion was denied, Crossley and Templet timely appealed.  Their appeal not only challenges the new damage award but also the underlying discovery sanction that led to the default judgment.

## Discussion

### I.      Discovery Sanction

#### A.      Scope of Review

¶13.   We begin with the discovery sanction.  And the first order of business is to determine just exactly what Crossley and Templet are appealing.  From their brief, they seem to argue they are appealing the merits of the August 2009 decision to strike their answer.  But that decision led to a default judgment—a judgment that became final in March 2010.  And this

---

[4] Crossley and Templet claimed they actually showed up to the Jackson County Chancery Court that day but could not find the right courtroom.

5

final judgment was *not* appealed. Nor was this judgment set aside. While the chancellor did order a new hearing on damages, Crossley and Templet acknowledge in their brief that the chancellor "refused to set aside the judgment itself."

¶14.    With the underlying default judgment left undisturbed, what Crossley and Templet are in fact appealing is the denial of their Rule 60(b) motion to set aside. *See Blackmon v. W.S. Badcock Corp., Inc.*, 342 So. 2d 367, 371 (Ala. Civ. App. 1977) (holding that a Rule 60(b) ruling to vacate a damages award and conduct a new hearing did not confer on the movant the right to address the merits of the underlying default judgment). As we recently reiterated, this court's "review of the denial of a Rule 60(b) motion is extremely limited." *Davis v. Vance*, 138 So. 3d 961, 963 (¶1) (Miss. Ct. App. 2014). We are "not allowed to inquire into the actual merits of the underlying judgment." *Id.* This is because Rule 60(b) is not a vehicle to relitigate the merits of a trial judge's decision. *Woods v. Victory Mktg., LLC*, 111 So. 3d 1234, 1237 (¶13) (Miss. Ct. App. 2013). So even if the chancellor had done something that may have been reversible error *had Crossley and Templet timely appealed*, the fact remains that they did not appeal. And Rule 60(b) cannot be used to get around this. *See Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 736 (5th Cir. 1984).

¶15.    This court reviews the denial of their Rule 60(b) motion for abuse of discretion. *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984).

B.    *Alleged Failure to Apply Correct Legal Standard*

¶16.    In their Rule 60(b) motion, Crossley and Templet had requested the judgment be set

6

aside because it was entered in violation of Mississippi Rule of Civil Procedure 55, which governs default judgments. We find it was well within the chancellor's discretion to reject their Rule 55 argument—mainly because Rule 55 had not been the procedural vehicle for entering the default. Instead, the default was the result of the Rule 37 discovery sanction. But even if Rule 55 had applied, the Fifth Circuit has held that the trial court's failure to comply with Federal Rule 55(b) when entering a default judgment—which probably would have led to reversal on direct appeal—was no reason to set aside a default judgment under Federal Rule 60(b). *Williams*, 728 F.2d at 736.

¶17. For the very same reason, Crossley and Templet's new argument on appeal also fails.[5] They now claim the chancellor failed to apply the four-factor test for striking a pleading under Rule 37, which the Mississippi Supreme Court adopted in *Pierce v. Heritage Properties, Inc.*, 688 So. 2d 1385, 1389 (Miss. 1997). While failure to apply the correct legal standard—if that is indeed what happened—may have led to reversal on a direct appeal, it is not a reason to set aside a judgment under Rule 60(b). *See Williams*, 728 F.2d at 736. Only if one of the reasons stated in Rule 60(b) is met can a final, non-appealable judgment be set aside. *See* M.R.C.P. 60(b) (listing six reasons why a judgment may be set aside).

C. *Alleged Violation of Due Process*

---

[5] It would be more accurate to say their new argument on appeal "alternatively fails" based on *Williams*. The primary reason their argument fails is because it was not raised before and thus not consider by the chancellor. So it is procedurally barred. *See Allen v. Nat'l R.R. Passenger Corp.*, 934 So. 2d 1006, 1015 (¶23) (Miss. 2006).

7

¶18.    Alternatively, Crossley and Templet had argued in their Rule 60(b) motion that the default judgment had to be set aside because their due-process rights had been violated. One of the reasons for setting aside listed in Rule 60(b) is that the judgment is void. M.R.C.P. 60(b)(4).    And a judgment rendered in violation of due process is void.    *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982).  But here, the chancellor did not abuse his discretion when he found no due-process violation.

¶19.    In their appellate brief, Crossley and Templet champion the "bedrock law that a citizen has a property right in their lawsuit," which the Due Process Clause protects.  But as the Fifth Circuit has noted, "[t]he due process requirements in a civil case where only property interests are at stake are, of course, much less stringent than in a criminal case involving life and liberty interests." *Fehlhaber*, 681 F.2d at 1027.  "Thus ordinarily all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction."  *Id.*  Here, after conducting a hearing on the matter, the chancellor concluded Crossley and Templet *had* been given notice and an opportunity to be heard on Moore's motion to strike their answer based on their discovery violations.  Thus, the grant of that motion and resulting default judgment did not violate their right to due process.

¶20.    Crossley and Templet still insist in their appellants' brief that their due-process rights were violated—this time because the chancellor failed to consider lesser sanctions before

8

striking their answer.[6] But they cite no authority supporting their proposition that the failure to consider lesser discovery sanctions is a due-process violation.

¶21. Instead, the only authority they cite about due process and discovery sanctions is *Allen v. National R.R. Passenger Corp.*, 934 So. 2d 1006, 1016 (¶24) (Miss. 2006). That case, unlike the one before us, was a direct appeal of a final judgement resulting from a Rule 37 sanction. After ruling that the particular due-process argument lodged on appeal was procedurally barred for failure to raise it at the trial level, our supreme court went on to briefly discuss the merits of the claim. *Id.* at 1015 (¶23). Mr. Allen had asserted his due-process rights were violated because the trial judge did not permit him to testify before sanctioning him under Rule 37. *Id.* The supreme court rejected this argument, noting "[a]ll that due process requires in cases of dismissal under Rule 37 is that the trial court make a finding of willfulness or bad faith on the part of the party whose claims were adversely affected, which the trial court in today's case properly did." *Id.* at 1016 (¶24) (citing *Societe Internationale Pour Partipations Industrielles et Commercials, S.A. v. Rogers*, 357 U.S. 197, 207-08 (1958)).

¶22. Latching to the "all that due process requires" language in *Allen*, Crossley and Templet argue the chancellor failed to make the required finding of willfulness. Again, this due-process argument, like the one is *Allen*, is procedurally barred for not being raised before

---

[6] Like their failure-to-apply-the-*Pierce*-factors argument, Crossley and Templet did not assert their failure-to-consider-lesser-sanctions argument in their Rule 60(b) motion. So it too is procedurally barred. *See Allen*, 934 So. 2d at 1015 (¶23).

the chancellor in their Rule 60(b) motion. *Id.* at 1015 (¶23). But we too, like the supreme court, will briefly engage in the merits. And after reviewing the record, we conclude the chancellor's decision to strike was based on his finding Crossley and Templet had willfully refused to participate in the litigation pending against them. In granting Moore's motion to strike, the chancellor found the lack of discovery responses was due solely to Crossley and Templet's refusal to cooperate. This finding was substantially supported by testimony from Crossley and Templet's former counsel, who withdrew due to his clients' unwillingness to participate in the litigation pending against them. And this finding was not refuted by Crossley and Templet, who failed to appear at the hearing on the motion to strike.

¶23. Thus, we find due process was satisfied when the chancellor granted the motion to strike. Consequently, the chancellor did not abuse his discretion by refusing to set aside the default judgment that resulted from the stricken answer.

## II. Amount of Damages

¶24. The chancellor *did* set aside the damages portion of the March 2010 final judgment. So, unlike the underlying default judgment, we do reach the merits of the new damage award. The new $267,853.67 damage award followed four days of testimony, scattered over five months.

¶25. Crossley and Templet criticize this award as being speculative, because it included, by Moore's admission, "guesstimates" and "ballpark" figures. Crossley and Templet are correct that an award cannot be based merely on speculation and conjecture. *Woods v. Burns*,

10

797 So. 2d 331, 334 (¶14) (Miss. Ct. App. 2001) (citing *Flight Line v. Tanksley*, 608 So. 2d 1149, 1164 (Miss. 1992)). But "damages are speculative only when the cause is uncertain, not when the amount is uncertain." *Parker Tractor & Implement Co. v. Johnson*, 819 So. 2d 1234, 1239 (¶24) (Miss. 2002). Here, the cause of the damages was not on the table, due to the default judgment. Moore had alleged Crossley and Templet owed her commissions and company revenue, but admitted she was unsure of the exact amount. Accordingly, her damage claim was not "speculative."

¶26. "[W]hen the cause of the damages is reasonably certain, recovery is not to be denied because the data in proof does not furnish a perfect measure thereof[.]" *Id.* at 1239 (¶23) (quoting *Hawkins Hardware Co. v. Crews*, 176 Miss. 434, 441, 169 So. 767, 769 (1936)). Instead, "it is enough that sufficient facts are given from which the jury may safely make at least a *minimum estimate*." *Id.* (emphasis added). As this court acknowledged in *Woods*, "[r]arely do we find a situation where we have a scientific and mathematical formula whereby the jury can simply plug in the missing numbers and await an exact and calculated result to offer as an award of damages." *Woods*, 797 So. 2d at 335 (¶17). "Thus, in any situation we can expect to find some measure of speculation and/or conjecture," but "this alone will not act to deny the plaintiff the award." *Id.*

¶27. Since some amount of estimation or speculation is permitted when determining damages, the fact Moore testified she made a "guesstimate" or believed a figure was "in the ball park" is not a fatal blow to her damage award. The conjectural nature of Moore's

11

projected figures was addressed at length before the chancellor. Moore was candid that her figures were based on projections, not actual collected income. This was because Crossley and Templet never turned over the records on how their clients' claims were actually settled.

¶28. Moore admitted her actual commission would be based on the amount the insurance claim was finally settled for, not her projections. When Moore recalculated her commissions, based on the figures Crossley and Templet *finally* provided during the second hearing, she admitted she was probably only owed $74,277—not the $367,497 she had initially estimated. So the chancellor awarded her $74,277 in unpaid commissions.

¶29. Moore had also initially estimated the company's revenue had been almost $700,000, entitling Moore to 24%, or approximately $167,000. According to the chancellor, Crossley and Templet "wholly failed to provide evidence to refute Moore's proof," despite their being "in the best position to either confirm or refute Moore's estimates regarding revenue" and despite having more than a year's worth of hearings to do so. So he awarded her the whole $167,240.64.

¶30. On appeal, Crossley and Templet claim they did put on proof of the company's revenue, or lack thereof, and cite XL Public Adjusters' tax returns. Essentially, they are arguing the quality of their evidence—signed federal tax returns—is better than Moore's. But weight-of-the-evidence and credibility issues were for the chancellor to decide, as he was in the best position to observe the witnesses and the evidence they presented. *Rogers v. Morin*, 791 So. 2d 815, 826 (¶39) (Miss. 2001) (citing *Carter v. Carter*, 735 So. 2d 1109,

12

1114 (¶19) (Miss. Ct. App. 1999)). It is not our role to reweigh the evidence on appeal. *Carter*, 735 So. 2d at 1114 (¶18). The weight given to the tax returns rested on the credibility of Crossley, who provided the information to prepare them. It was the chancellor's task to evaluate Crossley's credibility when questioned, not just about these documents, but also about the lack of any other documents to support her position. Absent any abuse of discretion—which we do not find—we will not disturb his conclusion on appeal.

¶31. The $26,336.03 in attorney's fees was based on Crossley and Templet's recalcitrant behavior leading to their answer being stricken. *See* M.R.C.P. 37 (authorizing the award of attorney's fees, in addition to the other sanctions available). Moore had submitted an itemized bill from the attorney who initially represented her through the default-judgment phase. So we also find no reason to disturb this part of the damage award. *See Williamson v. Williamson*, 81 So. 3d 262, 276 (¶31) (Miss. Ct. App. 2012) (applying an abuse-of-discretion standard to the award of attorney's fees as discovery sanctions).

¶32. In affirming, we find *Parker Tractor* instructive. In that case, a farmer had sued a tractor dealer, alleging they sold him a defective combine, which cost him farm work. *Parker Tractor*, 819 So. 2d at 1237-38 (¶¶6-18). Because the farmer put in the best records available to him and testified from his own expert experience about the oral farming contracts he had lost, the supreme court held he had sufficiently proved his damages claim. *Id.* at 1239-40 (¶¶25-27). At that point, "the burden was shifted to [the tractor dealer] to negate any damages. [It] failed to do so and is bound by the award." *Id.* at 1240 (¶28).

13

Here, Moore testified her estimates were based on the records available to her and that she had done her best considering Crossley and Templet's refusal to provide her with discovery. And she testified from her own experience about how the company would have collected revenue. That was all the law required her to do.

¶33. Like in *Parker Tractor*, at this point the burden shifted to Crossley and Templet to negate her figures. They were able to do so with the commissions, so the chancellor used *their* figures, not Moore's, as the basis for this part of the award. But in the chancellor's view, they were not able to negate Moore's proof that the company actually made a profit to which Moore was entitled to 24%. So he let Moore's figure stand.

¶34. Because "it is within the province of the jury"—or in this case the chancellor, as fact-finder—"to determine the amount of damages to be awarded," this court will only set aside a damage award if it is "so unreasonable in amount as to strike mankind at first blush as beyond all measure, unreasonable in amount[,] and outrageous." *Woods*, 797 So. 2d at 335 (¶15) (quoting *Lewis v. Hiatt*, 683 So. 2d 937, 841 (Miss. 1996)). Here, the amount of the award does not strike us as outrageous. Nor have Crossley and Templet shown the chancellor's findings on damages were "manifestly wrong." *See Rogers*, 791 So. 2d at 826 (¶39). For these reasons, we will not disturb the amount of damages awarded.

¶35. **THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT**

14

**WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**