# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40354

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2018

Lyle W. Cayce
Clerk

UNITEDHEALTHCARE INSURANCE COMPANY; UNITED
HEALTHCARE SERVICES, INCORPORATED,

> Plaintiffs - Appellees

v.

LISA HOLLEY, Medical Doctor, doing business as LH Medical Services,
doing business as LH Anesthesia Associates, P.A.; HILLCREST
AMBULATORY SERVICES, L.L.C.,

> Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-630

Before STEWART, Chief Judge, and CLEMENT, and SOUTHWICK, Circuit
Judges.

PER CURIAM:*

Defendants Lisa Holley, individually and doing business as L.H. Medical
Services ("LHMS"), L.H. Anesthesia Associates, P.A. ("LHAA"), (collectively
"Holley"), and Hillcrest Ambulatory Services, LLC ("Hillcrest"), appeal the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-40354

district court's denial of their Emergency Motion to Vacate Clerk's Entry of Default and their Emergency Motion to Set Aside Default Judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). For the reasons set forth below, we AFFIRM.

## I

This dispute arises out of an alleged $2,065,115.87 in overpayments made by Plaintiff UnitedHealthcare Insurance Company ("United") to Holley for medical services dating back to 2013.[1] United alleges that Holley, an anesthesiologist, submitted several hundred claims seeking reimbursement from health plans administered by United that "misrepresent[ed] the scope of services" she actually performed. Accordingly, United sought return of the overpaid reimbursements from Holley, and the parties' apparent attempts to negotiate a mutually agreeable settlement failed. On May 21, 2014, a United agent sent Holley's then-attorney, Scott Nichols, a letter indicating that Nichols and United had been in contact earlier that year and requesting verification of Holley's current financial position. The letter also detailed twenty-two separate attempts to contact Nichols and Holley that went unanswered and informed him that United would be referring the overpayment issue to its legal department if it did not receive the requested information.

On August 8, 2014, United's attorneys sent Nichols a pre-suit demand letter, offering a window of time to mediate the dispute. Nichols received the letter on August 11, 2014, and neither Nichols nor Holley responded. United proceeded to file suit against Holley and Hillcrest on October 1, 2014, alleging

---

[1] According to United's complaint, overpayment was made to Holley for services performed under her assumed name, LHMS, and by her now defunct practice, LHAA. Holley allegedly created a new entity, Hillcrest, following United's demand for return of the reimbursements in order to shift funds and avoid repayment.

No. 17-40354

various claims for fraud, negligent misrepresentation, money had and received, and unjust enrichment. The summons and complaint were served on Holley on October 6, 2014, and on Hillcrest on November 10. The summons and the complaint went unanswered. Default was entered as to Holley on November 17 and as to Hillcrest on December 10. Neither Holley nor Hillcrest responded to service of United's original motion for default judgment or its subsequently amended motion. On January 29, 2015, the district court entered a final default judgment against Holley for the full amount of the alleged overpayments, $2,065,115.87.

On November 8, 2015, United posted a notice of sale of a tract of Holley's real property in an attempt to satisfy a portion of the default judgment. Holley and Hillcrest filed their emergency motions to vacate clerk's entry of default and to set aside default judgment on December 29, and on January 4, 2016, Holley filed for Chapter 13 Bankruptcy. The district court stayed the motions pending Holley's bankruptcy action, which Holley later dismissed voluntarily. On February 28, 2017, the district court lifted the stay and on March 6, it denied both defendants' emergency motion to vacate clerk's entry of default and their emergency motion to set aside the default judgment. Holley timely appeals. Holley raises two primary arguments on appeal: (1) the district court erred in failing to consider whether they had a meritorious defense; and (2) the district court erred in failing to conduct a hearing on damages.[2]

---

[2] Holley also contends that the district court lacked personal jurisdiction over LHAA because United failed to properly serve the terminated corporate entity. Because Holley failed to raise this argument before the district court, it is waived. *Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987). Regardless, this argument is plainly meritless. Holley indisputably had notice of the suit, and they made the conscious decision not to defend it. Accordingly, they are estopped from challenging the sufficiency of the service of process. *See id.*; *see also A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d 1451, 1459 (5th Cir. 1986).

No. 17-40354

II

We review the district court's denial of motions to vacate or set aside default judgment for abuse of discretion. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "It is not enough that the granting of relief might have been permissible, or even warranted[;] denial must have been so unwarranted as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Because courts "universally favor trial on the merits," however, district courts' discretion "obviously is not unlimited." *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (internal quotations omitted). This court's policy favoring resolution on the merits is, however, "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999) (internal quotations omitted). A district court's decision not to conduct a hearing on damages is also reviewed under an abuse of discretion standard. *See Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 736 (5th Cir. 1984). Factual determinations underlying the district court's decision, which include a finding of willful default, are reviewed for clear error. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 495 (5th Cir. 2015).

III

Rules 55(c) and 60(b) allow a district court to set aside its entry of default or default judgment for "good cause." *Lacy*, 227 F.3d at 291–92; Fed. R. Civ. P. 55(c); 60(b). In determining whether "good cause" exists, we consider three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the opposing party; and (3) whether the movant presents a meritorious defense. *Lacy*, 227 F.3d at 292. The court may also consider other relevant factors, such as "whether [the movant] acted expeditiously to correct the default." *In re Chinese Manufactured Drywall*

*Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Lacy*, 227 F.3d at 292 (internal quotations omitted).

The district court found that Holley's failure to respond to suit was willful. We agree, and Holley does not challenge this finding directly in her brief on appeal.[3] Instead, Holley claims that the district court erred in failing to consider her allegedly meritorious defense. Holley does not cite any authority for her novel proposition that, even if the court finds a defendant's default was willful, it is required to consider the defendant's potentially meritorious defense to the substantive claims. This is likely because the weight of this court's authority indicates the converse: once a district court finds that default was willful, the inquiry ceases, and it does not abuse its discretion in denying defendant's request to set aside the judgment. *See, e.g.*, *Dierschke*, 975 F.2d at 184–85 ("Willful failure alone may constitute sufficient cause for the court to deny [the defendant's] motion"); *Lacy*, 227 F.3d at 292 ("A finding of willful default ends the inquiry"); *Rogers*, 167 F.3d at 939 (affirming the district court's denial of defendant's motion to set aside the judgment on the sole basis that the default was willful). Accordingly, we reject Holley's contention that the district court erred in failing to consider her defense.

Moreover, the district court's finding of willful default is amply supported by the record.[4] Despite her admission that she received notice of the

---

[3] Holly has therefore waived her argument that the district court erred in finding that her default was willful. *See United States v. Lindell*, 881 F.2d 1313, 1325 (5th Cir. 1989).

[4] Additionally, the district court found that setting aside the default judgment would prejudice United. [ROA.258] This conclusion is also sound. Holley's behavior indicated an unwillingness to accept responsibility for her debt, Holley admitted they did not have the money to repay United, and enforcement of the default judgment may be the only opportunity United has to recoup its losses. [*See id.*]

lawsuit, she took no further action to respond or stay abreast of the status of the litigation against her. Her actions following her receipt of notice demonstrate a true dereliction of her "duty of diligence to inquire about the status of [her] case." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985). Mere confusion or lack of familiarity with the litigation process does not excuse Holley's neglect of her responsibility to respond. *See Dierschke*, 975 F.2d at 184. The district court's finding of willful default was certainly not clear error. It thus did not abuse it's discretion in denying Holley's motions to vacate or set aside the default judgment.

## IV

Holley also claims that the district court reversibly erred in failing to hold a hearing on damages. We disagree. Rule 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount." Fed R. Civ. P. 55(b)(1). If the amount of damages is not readily determinable, "[t]he court *may* conduct hearings or make referrals." Fed R. Civ. P. 55(b)(2) (emphasis added). Holley is correct that this court has previously interpreted Rule 55(b)(2) to mean that "a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). We subsequently clarified that "[w]e did not . . . hold in *United Artists* that the failure to conduct a hearing on damages would provide a further, *independent* basis for reversal in a Rule 60(b) case where the defendant, through his own fault, fails to take and prosecute an appeal [of the default judgment]." *Williams*, 728 F.2d at 736 (emphasis in original). *Williams* went on to explain that Rule 60(b) is not a substitute for appeal. *Id.* Accordingly, "even if the default judgment was improperly entered without a hearing on damages . . .

6

[t]he mere fact that [a] judgment [is] erroneous does not constitute 'any other reason justifying relief' from it." *Id.* (internal quotations omitted).

Holley's claim that the district court erred in failing to hold a hearing on damages fails for several reasons. First, the damages amount was for a sum certain and was supported by a detailed factual affidavit as well as other evidence in the record. *See* Fed. R. Civ. P. 55(b)(1) At minimum, the damages amount was a sum that could be "made certain by computation." *Id.* Furthermore, Holley failed to appeal or even respond to the court's entry of default. Instead, nearly a year later and only after United attempted to execute the judgment, Holley filed her emergency motions. As *Williams* makes clear, failure to hold a hearing on damages—even if the failure to do so was erroneous—is not a "further, *independent* basis for reversal" where the defendant willfully fails to undertake an appeal of the default judgment. *Williams*, 728 F.2d at 736. Accordingly, even if the district court erred in failing to hold a hearing—and we do not believe it did—the decision does not constitute an abuse of discretion.

## V

For the foregoing reasons, we AFFIRM.